IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARLON KARL TAITE, # 275729, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:12cv622-WHA |
| | ) (WO) |
| WILLIE THOMAS , *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Marlon Karl Taite ("Taite").  Doc. No. 1.[1]

## I.  BACKGROUND

On December 7, 2010, Taite appeared in the Montgomery County Circuit Court and

pled guilty to murder, in violation of § 13A-6-2, Ala. Code 1975.  The trial court sentenced

him to 30 years in prison.  He took no direct appeal.

On September 9, 2011, Taite filed with the trial court a post-conviction petition under

Ala. R. Crim. P. 32 claiming:

>    1.    His guilty plea was involuntary because (a) he entered it without
>          understanding the proceedings or the full consequences of
>          pleading guilty, (b) he was not advised of the issues he could
>          reserve for appellate review, (c) the State's factual basis for the
>          plea was erroneous, and (d) his attorney interfered and

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this habeas action.
References to exhibits ("Ex.") are to those included with the respondents' answer, Doc. No. 10.  All
page references are to those assigned by CM/ECF.

interjected during the plea colloquy.

2 His trial counsel was ineffective for failing to investigate and prepare a defense that he had acted in self-defense.

Ex. C at 1-30.

On October 21, 2011, the trial court entered an order denying Taite's Rule 32 petition. Ex. E at 1-2.  Taite appealed to the Alabama Court of Criminal Appeals, reasserting the claims in his Rule 32 petition.  On April 13, 2012, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  Ex. F.  Taite applied for rehearing, which was overruled, and the Alabama Supreme Court denied his petition for writ of certiorari.  Exs. G, H, and I.

On July 16, 2012, Taite filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming:

1. His guilty plea was involuntary because he entered it without understanding the charge or the consequences of pleading guilty and his counsel prepared no defense against the charge.

2 His trial counsel was ineffective for failing to investigate and prepare a defense he had acted in self-defense and for allowing the State to present an erroneous factual basis for the guilty plea.

Doc. No. 1 at 5-9.

The undersigned has considered the § 2254 petition, the respondents' answer (Doc. No. 10), and Taite's reply (Doc. No. 14) and concludes the petition should be denied without an evidentiary hearing.  Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

2

## II.  DISCUSSION

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") significantly limits the circumstances under which a habeas petitioner may obtain relief.  To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."  28 U.S.C. §2254(d)(1) & (2);[2] *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).  A state court's decision is "contrary to" federal law only if (1) it fails to apply the correct controlling authority or (2) it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but

---

[2] Section 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)  resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law only if it (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Under 28 U.S.C. § 2254(d)(2), federal courts are directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

"This is a 'difficult to meet," *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 786 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)." *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct.

4

1388, 1398 (2011).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## B.  Voluntariness of Guilty Plea (Ground One)

Taite claims his guilty plea was involuntary because he entered it without understanding the charge or the consequences of pleading guilty and his counsel prepared no defense against the charge.[3]  Doc. No. 1 at 5, 8.

To satisfy the requirements of due process, a guilty plea must be voluntary, intelligent, and uncoerced.  *Boykin v. Alabama*, 395 U .S. 238 (1969); *United States v. Moriarity*, 429 F.3d 1012, 1019 (11th Cir. 2005).  "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted).  There is no violation of the Constitution when a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences.  *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

Taite presented his voluntariness claim in his Rule 32 petition, where it was denied by the trial court.  He pursued the claim in appealing to the Alabama Court of Criminal

---

[3] Taite's voluntariness and ineffective-assistance-of-counsel claims are intertwined.  The Alabama Court of Criminal Appeals addressed his allegation that his counsel failed to prepare a defense against the charge in the context of his claim of ineffective assistance of counsel (*see infra*).

Appeals, which addressed the claim as follows:

> Taite included in his petition claims related to his plea and plea colloquy. Specifically, Taite argued in his petition that "he was never properly appraised of the facts and the consequences behind his plea by his trial counsel or the trial court," (C. 16); that "at no time was [Taite] advised by his trial counsel or the trial court as to . . . what specifically [he] had to do to reserve something for appeal or what if anything he could reserve for an appeal prior to pleading guilty," (C. 18); and that his trial counsel "permitted the State to elect the basis for the plea solely on the heresy [sic] presentation of the alleged facts as assumed from the State's witnesses[,] which [Taite] avers that his trial counsel did not allow him to dispute the erroneous facts as alleged by the State" when the State proffered a factual basis for Taite's plea, (C. 17, 28).

> On appeal, Taite argues that he made his plea "without properly being informed of the true nature of the proceedings and the full consequences of pleading guilty to an offense in which he was innocent of committing." (Taite's brief, p. 18.) Similarly, Taite continues to assert that his trial counsel "stood ideally [sic] by and allowed the State to misrepresent the facts and when the trial court attempted to question and find out directly from [Taite] what he did, trial counsel immediately cut [Taite] off and permitted the State to perpetuate a lie before the Court." (Taite's brief, p. 19.) These arguments are without merit.

> First, Taite does not identify those consequences about which he was ill-informed; likewise, Taite fails to identify what issues, if any, he would have reserved for appeal had he known he could have done so.[1] On these issues, Taite has failed to plead sufficient facts demonstrating that he is entitled to relief.

>> [**n.1**.  As noted below, Taite attached to his petition a transcribed copy of his plea colloquy and sentencing hearing.  This transcript reflects that the trial court advised Taite, and that Taite understood, that Taite "ha[d] no right to appeal unless before entering [his] plea of guilty [he] reserved the right to appeal a particular issue or issues." (C. 38.)]

> Second, Taite cannot prevail on his claim related to the State's factual proffer and, in fact, has pleaded himself out of court.  Taite does not argue that the State's proffer was insufficient to support his plea, but instead, argues that

the State's proffer was "erroneous'' and that his counsel allowed the proffer knowing it was erroneous. Taite does not explain, however, how any change in the State's proffer would have affected Taite's plea and, in fact, for all that appears, a proffer by the State with which Taite agreed would do no more than substantiate Taite's plea. Therefore, this claim is without merit.

Third, and finally, Taite appears to argue that his plea was rendered involuntary because his attorney interfered and interjected during the plea colloquy; in support of this claim, Taite attached to his petition a transcribed copy of his plea colloquy and sentencing hearing. Despite Taite's assertions, the transcript reflects that it was Taite, not his trial counsel, who engaged in the plea colloquy with the trial court. More specifically, the transcript evidences that the trial court advised Taite of the nature of the charge and possible punishment; that Taite understood the rights he was waiving by entering a guilty plea, including the right to appeal; that the trial court determined that Taite was not entering his guilty plea as a result of threats or promises;[2] that Taite admitted in open court that he was guilty of the charged offense; that the State proffered a factual basis to support Taite's plea and that neither Taite nor his attorney objected; that Taite signed and understood the plea paperwork; and that Taite was satisfied with the representation provided by his trial counsel.[3] (C. 37-40.) Thus, Taite has failed to plead sufficient facts that demonstrate he was entitled to relief.

> [**n.2**. When the trial court asked Taite if "anyone [was] threatening [him], forcing [him,] or promising [him] anything to get [him] to plead guilty," Taite's trial counsel interjected that Taite's guilty plea was a product of a plea agreement; notably, the trial court repeated this question following trial counsel's remark to ensure that Taite, not his counsel, answered the question. (C. 38.)]

> [**n.3**. We note that, when asked by the trial court, Taite's trial counsel stated that he "concur[red] in the guilty plea." (C. 40.) Despite Taite's assertions to the contrary, this response was a result of a direct question posed by the trial court to Taite's trial counsel and in no way interfered with Taite's plea colloquy.]

Ex. F at 5-7 (footnotes from memorandum opinion renumbered).

Here, the state court properly applied *Boykin* in determining that Taite's guilty plea

was knowing and voluntary.[4]  Taite fails to establish that the Alabama Court of Criminal Appeals' decision that his guilty plea was knowing and voluntary was "contrary to" or "an unreasonable application of" clearly established federal law.  28 U.S.C. § 2254(d)(1). Similarly, Taite does not establish that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" at the state proceeding.  28 U.S.C. § 2254(d)(2).  He fails to offer "clear and convincing evidence" to contradict any of the state court's factual determinations.  28 U.S.C. § 2254(e) (1).

After careful review of the record, there is no basis to conclude that the state court's decision that Taite pled guilty knowingly and voluntarily ran afoul of either 28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2).  Accordingly, Taite is not entitled to relief on this ground.

## C.  Ineffective Assistance of Counsel (Ground Two)

Taite contends his trial counsel was ineffective for failing to investigate and prepare a defense that he acted in self-defense and for allowing the State to present an "erroneous" factual basis for his guilty plea.[5]  Doc. No. 1 at 7-8.

---

[4] The Alabama Court of Criminal Appeals did not specifically cite *Boykin* when assessing the voluntariness of Taite's guilty plea.  However, a state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002).

[5] The Alabama Court of Criminal Appeals addressed Taite's allegation that the State was allowed to present an erroneous factual basis for his guilty plea in the context of his claim that his guilty plea was not entered voluntarily and knowingly (*see supra*).  As that court noted, Taite failed to explain how any change in the State's proffer would have affected his plea.  Nor, in the context of his claim
(continued...)

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance of counsel establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Strickland*, 466 U.S. 668. The elements to be considered are as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *id*. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In the guilty plea context, a modified *Strickland* test is used; "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 US. 52, 59 (1985). Counsel owes a lesser duty to a client who enters a plea than to one who goes to trial; when a plea is entered, counsel need only provide his client with an understanding of the law in

---

[5](...continued)
of ineffective assistance of counsel, does he demonstrate how he was prejudiced by his counsel's failure to challenge the allegedly erroneous factual basis for his guilty proffered by the State.

9

relation to the facts, so that the defendant may make an informed and conscious choice between entering the plea and proceeding to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To be entitled to collateral relief, a defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson*, 397 U.S. at 774.

Taite presented his ineffective-assistance-of-counsel claim in his Rule 32 petition, where it was denied by the trial court. He pursued the claim in appealing to the Alabama Court of Criminal Appeals, which addressed the claim, in pertinent part, as follows:

> Taite's second argument is that his trial counsel was ineffective because, according to Taite, his trial counsel failed to investigate and prepare a defense of self-defense; according to Taite, "his only defense to the charge of murder was that the murder was in fact committed in self defense." (C. 28, 20.) Taite attached to his petition an affidavit that, according to Taite, presents sufficient facts to establish a valid self-defense claim. . . .
>
> . . .
>
> According to Taite, the victim splashed chemicals in Taite's face, took money and receipts from Taite's person, and then escaped to her residence; Taite contends that he subsequently followed the victim inside her residence to reclaim his property. A close reading of the affidavit indicates, however, that Taite entered the residence with a gun, that "words passed" between him and the victim, that Taite was concerned for his safety as soon as he entered the residence, and that, once he observed the knife, Taite made no effort to retreat [1] and, in fact, shot the victim during a physical altercation.[2]
>
> > [**n.1**. § 13A-3-23, Ala. Code 1975, states that "[a] person who is justified under subsection (a) in using physical force, including deadly physical force, and who is not engaged in an unlawful activity <u>and is in any place where he or she has the right to be has no duty to retreat and has the right to stand his or her ground</u>." It is unclear from Taite's affidavit that Taite did, in fact, have a right to be in his

victim's house.]

> [**n.2**.  We note that, in his appellate brief, Taite's version of events appears to change; specifically, Taite states that he "did not go to the victim['s house with any such intent or notion to kill the victim, and had not the victim scared [Taite] into acting in self-defense under the mistaken belief that the victim was reaching for a gun which turned out knife, either one [Taite] was force[d] to react and defend himself by any means under the prevailing circumstances given the overall reputation of the victim towards violence."   (Taite's brief, p. 17(emphasis added).]

These facts, even if true, are insufficient to support a defense of self-defense.  *See Vaughn v. State*, 17 Ala. App. 383, 387, 84 So. 879, 883 (Ala. App. 1920) ("In order for a defendant to be allowed to invoke the doctrine of self-defense, he must be free from fault in provoking the difficulty, and if by word or deed he voluntarily contributed to the bringing on of the difficulty, he cannot invoke the doctrine.").  In *Shack v. State*, a defendant testified that

> "he bought [a] box of snuff at Bruister's, left it on the counter, and thereafter he saw Crowell [the victim] take it and put it in his pocket and leave the store.  Defendant followed Crowell down to the alley between Bruister' s store and another store east of Bruister's, accosted him demanding the snuff, defendant putting his hand in deceased's pocket taking the snuff from deceased's pocket; that deceased then cut him and he drew a knife from his pocket and cut the deceased, he could not say how many times."

236 Ala. 667, 184 So. 688, 688-89 (Ala. 1938).  The Alabama Supreme Court concluded that "[t] he defendant, in the light of his own testimony, was not free from fault, and was not entitled to invoke the doctrine of self-defense." *Id*.  Taite, like Shack, went after his victim to retrieve stolen property and, in doing so, ended up in an physical altercation which resulted in the death of the victim; like the defendant in *Shack*, Taite, by "his own testimony was not free from fault, and was not entitled to invoke the doctrine of self-defense."  *Id*. Therefore, this claim is without merit.

As evidenced by the foregoing analysis, Taite failed to plead sufficient facts to demonstrate that he was entitled to relief and, thus, was not entitled to

an evidentiary hearing.  In light of the foregoing, the circuit court did not abuse
its discretion when it summarily denied Taite's petition and the judgment of
the circuit court is due to be affirmed.

Ex. F at 7-11 (footnotes from memorandum opinion renumbered).

Taite fails to establish that the Alabama Court of Criminal Appeals, in rejecting his

ineffective-assistance-of-counsel claim, ruled differently than the Supreme Court has in a

case based on a set a of materially indistinguishable facts or rendered a decision that was

"contrary to" or "an unreasonable application of" clearly established federal law.  *See* 28

U.S.C. § 2254(d)(1); *Williams*, 362 U.S. at 411-12.  Even if Taite's version of the facts is

taken as true, he fails to show he had a viable claim of self-defense.  Nor does the record

demonstrate that the actions of his counsel unduly prejudiced his decision to plead guilty.

Finally, in light of the undersigned's determination that his guilty plea was constitutionally

valid, he has failed to show the prejudice necessary to his claim of ineffective assistance of

counsel.  The state court's rejection of Taite's claim of ineffective assistance of counsel was

not an unreasonable application of the *Strickland* standard.[6]  Nor has Taite demonstrated that

the state court's decision was "based on an unreasonable determination of the facts in light

of the evidence presented" at the state proceeding.  28 U.S.C. § 2254(d)(2).

Because there is no basis to conclude that the state court's decision ran afoul of either

28 U.S.C. § 2254(d)(1) or 28 U.S.C. § 2254(d)(2), Taite is not entitled to relief on this

---

[6] While the Alabama Court of Criminal Appeals did not specifically cite *Strickland* when assessing Taite's ineffective-assistance-of-counsel claim, neither its reasoning nor its result contradicts *Strickland*.

12

ground.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Taite be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 20, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of January, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE