IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARLON KARL TAITE, #275729, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:12-cv-622-WHA |
| | ) | |
| WILLIE THOMAS, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #16) and the Petitioner's Objections thereto (Doc. #19). Following an independent evaluation and *de novo* review of the file, the court finds as follows:

Marlon Taite objects to the Recommendation that his § 2254 habeas petition be denied. For the most part, he reargues his claim that he had a viable self-defense claim and so his counsel should not have let him plead guilty.

Taite, who pled guilty to murder under a plea agreement providing for a 30-year sentence, claims (A) his guilty plea was involuntary because he entered it without understanding the charge or the consequences of pleading guilty, and (B) his counsel rendered ineffective assistance in this regard and also by failing to investigate and prepare a defense that he acted in self-defense.

A.  The state courts found that the guilty plea colloquy (which is in the record) belied Taite's claim that his guilty plea was involuntary. Taite fails to show this decision was contrary

to or an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts in light of the evidence presented at the state proceeding.

  B.  Taite essentially maintains his counsel was ineffective for allowing him to plead guilty to murder when, he says, he had a viable self-defense claim.  According to Taite, the victim splashed chemicals in his face during an argument, took money and receipts from him, and then escaped to her residence.  He then followed her into her residence with a gun.  "Words passed" between them, and (he says) he observed the victim with a knife. He then shot the victim (multiple times) during a physical altercation.

  As the Alabama Court of Criminal Appeals noted, Taite's own version of events showed he was not free from fault in provoking the incident (pursuing the victim into her residence).  Nor did Taite establish he had a right to be where he was (i.e., inside the victim's residence) or that he attempted to retreat.  Thus, even if his version of the facts is taken as true, he fails to show he had a viable claim of self-defense.  And he does not demonstrate that the actions of his counsel unduly prejudiced his decision to plead guilty.  Taite fails to show that the state court's determination that his counsel was not ineffective was contrary to or an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts in light of the evidence presented at the state proceeding.

  Therefore, for these reasons, the court finds that the Petitioner's Objections are without merit, and they are hereby OVERRULED.

  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

  ORDERED that this petition for habeas corpus relief under 28 U.S.C. § 2254 is DENIED, and this case is DISMISSED with prejudice.

DONE this 17th day of March, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE